## CIRCUIT COURT OF CHESTERFIELD COUNTY

Lawrence J. Winters and
Ann M. Winters

v.

Ronald Rosillo

February 23, 1989

Case No. 10,845-83

By JUDGE HERBERT C. GILL, JR.

On February 8, 1989, counsel presented argument in regard to Plaintiffs' request for leave to file exceptions to the Commissioner's Report, Defendant's motion for attorneys' fees, and the exceptions filed by both parties. Counsel for Plaintiffs represented that the Commissioner's fees, due and owing, would be paid "soon."

The Final Report of the Special Commissioner in Chancery was filed on December 29, 1988. The Commissioner found that Plaintiff Lawrence Winter's conduct was *per se* fraudulent and grossly negligent. The Commissioner determined that punitive damages were not warranted and recommended an award of attorneys' fees on behalf of Defendant.

Plaintiffs' exceptions were filed on January 31, 1989, beyond the ten-day period prescribed by Section 8.01-615 of the Virginia Code. Plaintiffs request leave to file the exceptions and cite the following good cause:

Presence in the Report of extensive accounting data submitted after the hearing and the preliminary report required consultation not only with Dr. and Mrs. Winter, but consultation with an accounting firm familiar with the affairs of the partnership.

Defendant argues that counsel's failure to request an extension for good cause prior to the expiration of the statutory filing period precludes consideration of Plaintiffs' exceptions. Regardless, Defendant argues, Plaintiffs have failed to establish grounds for leave to file late.

Plaintiffs except to the Commissioner's apparent consideration of an Accountant's Report submitted by Gerald L. Richardson without an opportunity to object to the report and confront the accountant in regard to his report. Defendant excepts to the Commissioner's failure to recommend imposition of punitive damages and the recovery of displaced funds.

Upon consideration of the argument presented and memoranda filed, it is the opinion of the Court that Plaintiffs' exceptions shall be considered for good cause shown, counsel for Plaintiffs may confront Mr. Richardson at an evidentiary hearing in regard to his report, Defendant's exception to the Commissioner's failure to recommend punitive damages is overruled, Defendant's exception to nonrecovery of displaced funds is reserved pending consideration of Mr. Richardson's testimony, and in light of all of the evidence taken, Defendant's request for attorneys' fees is denied.

Section 8.01-615 of the Virginia Code provides in part that:

Exceptions to the Commissioner's report shall be filed within ten days after the report has been filed with the court, or for good cause shown, at a later time specified by the court.

The Court is unaware of case law delineating factors to consider in determining whether a movant has shown good cause sufficient to warrant leave pursuant to Section 8.01-615 of the Virginia Code. However, it is apparent

to the Court that the delayed submission of material evidence for Counsel's review constitutes good cause within Section 8.01-615 of the Virginia Code. Counsel for Plaintiffs represented that he received a copy of the Accountant's Report upon the issuance of the Commissioner's Report.

Although the phrase, "at a later time specified by the court," may imply that the movant should request leave prior to the expiration of the statutory period, no relevant authority has been cited by counsel for the Defendant in support of such construction. The statute does not expressly restrict the Court's ability to discern whether an extension is warranted except for "good cause shown." In equity, the delay in the movant's request is merely one among many of the Court's considerations.

Pursuant to Section 8.01-610 of the Virginia Code, the Commissioner's Report should be sustained unless the findings are not supported by the evidence. *Jamison v. Jamison*, 3 Va. App. 644 (1987). However, the deference afforded to the Commissioner's findings of fact is not granted to conclusions of law. *Id.*, 3 Va. App. 644 (1987).

It is apparent that the Commissioner considered evidence, the Accountant's Report, without affording Counsel the opportunity to confront and/or object to said evidence. Pursuant to the Court's nondelegable duty to weigh all the evidence, Counsel for Plaintiffs is directed to set a hearing whereby Counsel may inquire of Mr. Richardson the basis of his report and other relevant matters. *See generally Raiford v. Raiford*, 193 Va. 221 (1952).

The Commissioner's recommendation that punitive damages are not warranted is well supported. Punitive damages should be awarded only for the most egregious conduct. *Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988). A party seeking punitive damages must prove, "an element of wantonness, or malice, or overreaching going beyond mere shadiness in commercial dealings." *Sit-Set, A.G. v. Universal Jet Exchange, Inc.*, 747 F.2d 921 (4th Cir. 1984). The evidence presented does not suggest egregious conduct requiring imposition of punitive damages.